UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| GUY A. LONG, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant Guy A. Long is charged with being a Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1). (ECF #1, Indictment.) Defendant has moved to dismiss the indictment on the basis that Defendant's conduct is protected under the Second Amendment. (ECF #15.) Defendant relies on recent United States Supreme Court interpretation of the Second Amendment as provided in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 2122 (2022). The Government has responded in opposition. (ECF #16.) For the following reasons Defendant's motion is **DENIED.**

### BACKGROUND FACTS

The Indictment alleges Defendant has been previously convicted of state felony offenses in Cuyahoga County Case Nos. CR-06-483057, CR-10-538219, CR-11-547078 and most recently CR-22-669896. (ECF #1.) The Indictment further alleges that Defendant knowingly possessed a firearm in and affecting state commerce despite knowledge of his prior felonies, which prohibits such conduct. *Id.*

Defendant is charged with violating 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person" "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce[] any firearm or ammunition . . . " § 922(g)(1). Smith argues that § 922(g)(1) runs afoul of his constitutional rights because "Section 922(g)(1)'s total lifetime ban on [Defendant] possessing a firearm governs conduct covered by the Second Amendment and is inconsistent with this Nation's historical tradition of firearm regulation." (ECF #15.)

1

**LAW AND ARGUMENT**

In opposition, the Government concedes the last fifteen years have produced significant changes in the scope and standards of review for Second Amendment claims. (ECF #16.) *Bruen* is the most recent of those changes.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Defendant argues that he is a member of "the people" protected by the Second Amendment and despite his status as a felon, the pistol he allegedly possessed is among the "Arms" covered and Section 922(g)(1)'s ban on possession abridges his right to "keep and bear" them. (ECF #16.) Under *Bruen*, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129-2130. Defendant argues that the Government cannot meet this burden "because there was no 'historical tradition,' circa 1791, of gun regulations 'distinctly similar' to section 922(g)(1)." (ECF #15.)

The Government opposes the Motion three ways: 1) Sixth Circuit precedent requires a finding that felon dispossession laws remain constitutional even after *Bruen,* 2) the Second Amendment is not absolute and under Supreme Court jurisprudence Congress may disarm non-"law-abiding, responsible citizens" and 3) there is a history and tradition of disarming violent felons such as Defendant. (ECF #16.)

The Court finds it must only consider the Government's first argument because Sixth Circuit precedent controls resolution of this matter and the Court is without authority to reconsider felon dispossession or to consider the historical tradition of the practice, even in light of *Bruen*.

In *District of Columbia v. Heller,* the Supreme Court of the United States held the Second Amendment protects an individual's right to keep a firearm in their home for self-defense. 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). *Heller* also made clear that felon dispossession remained lawful:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms

2

in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."

*Id*. at 626-7. The Supreme Court reiterated the lawfulness of felon dispossession two years later in *McDonald v. City of Chicago.* 561 U.S. 742, 786, 130 S. Ct. 3020, 3047 (2010).

Since *Heller*, the Sixth Circuit has been repeatedly clear that "prohibitions on felon possession of firearms do not violate the Second Amendment." *United States v. Goolsby,* No. 21-3087, 2022 U.S. App. LEXIS 6096, at *6 (6th Cir. Mar. 7, 2022) (citing *United States v. Carey,* 602 F.3d 738, 741 (6th Cir. 2010)); see also *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010); *United States v. Khami*, 362 F. App'x 501, 507 (6th Cir. 2010). The Sixth Circuit added, "[i]n reaching this conclusion, we have emphasized the government's "compelling" interest in "protecting the community" by "keep[ing] firearms out of the hands of presumptively risky people." *Id.* (citation omitted).

In an unpublished decision, the Sixth Circuit declared that felon-in-possession statutes do not violate the Second Amendment even post-*Bruen*:

> [W]e unambiguously held in *United States v. Carey,* 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit. While we have not yet revisited this issue following the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), and although there are numerous appeals pending before us that raise the issue, the vast majority of courts to have reconsidered the constitutionality of § 922(g)(1) post-*Bruen* have upheld it. See, e.g., *United States v. Gleaves*, No. 3:22-CR-00014, 654 F. Supp. 3d 646, 2023 U.S. Dist. LEXIS 20328, 2023 WL 1791866, at *1 (M.D. Tenn. Feb. 6, 2023) (collecting cases). *Carey* remains the precedent in this circuit.

*United States v. Vaughn,* No. 23-5790, 2023 U.S. App. LEXIS 25818, at *3 (6th Cir. Sep. 28, 2023). Although this statement appears in an unpublished decision and thus, does not bind the Court, it is undoubtably clear and persuasive that *Carey* remains good law post-*Bruen*.

Accordingly, this Court joins the growing list of district courts to conclude that *Bruen* does not disturb the holding of *Carey* and felon dispossession remains constitutional. See *United States v. Freeman,* 2024 U.S. Dist. LEXIS 16213 (E.D. Mich. Jan. 30, 2024); *United States v. MacKey,* 2023 U.S. Dist. LEXIS 208459 (E.D. Mich. Nov. 21, 2023); *United States v. Williams*, 2023 U.S. Dist. LEXIS 210412 (E.D. Mich., Nov. 27, 2023), *United States v. Nelson*, 2023 U.S. Dist. LEXIS 114505 (E.D. Mich., Jun. 29, 2023); *United States v. Jttonali*

3

*One Eye El Bey,* 2024 U.S. Dist. LEXIS 538, (S.D. Ohio Jan. 2, 2024); *see also United States v. Brown*, 2023 U.S. Dist. LEXIS 199389 (N.D. Ohio Nov. 7, 2023), *United States v. Miller*, 2023 U.S. Dist. LEXIS 165705 (N.D. Ohio Sep. 18, 2023), *United States v. Taylor*, 2023 U.S. Dist. LEXIS 161805 (N.D. Ohio Sep. 12, 2023) (all finding *Bruen* does not cast doubt on longstanding prohibitions on possession of firearms by felons).

Defendant's argument is foreclosed and Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 8, 2024**