UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| GUY A. LONG, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court are three motions in limine filed by the Defendant. (ECF #34, 35 and 36.)

**BACKGROUND FACTS**

During an investigation conducted at a Cleveland, Ohio area gas station known for drug trafficking and firearms related offenses, law enforcement agents observed Defendant have an encounter with two males from inside his vehicle consistent with drug trafficking. After the encounter, Defendant exited the vehicle and walked to the corner of the gas station. Defendant urinated on the side of the premises. While Defendant was outside the vehicle, officers observed the purple handle of a handgun in his waistband, clearly visible against Defendant's white shirt. After he finished urinating, Defendant pulled his shirt back over the weapon, concealing it from view. Defendant then returned to his vehicle.

Four agents shortly thereafter conducted a stop of Defendant. Multiple law enforcement vehicles approached Defendant's vehicle with their emergency lights activated and the agents

1

exited their vehicles with weapons drawn.  Defendant was instructed to place his hands in the air and not to reach for a firearm, but he did not comply.  Instead, Defendant was observed bent over in the driver seat turned toward the passenger seat and making movements reaching toward the rear passenger compartment.  Defendant thereafter complied with officers' commands and placed his hands in the air.

Law enforcement agents simultaneously interacted with the Defendant and a female passenger in the vehicle.  An agent handcuffed Defendant and removed him from the vehicle.  At the same time, another agent asked the female passenger about a gun plainly visible in her lap.  The passenger responded that it was her gun and the agent removed it from her person.

After Defendant was handcuffed, he was instructed to get out of the vehicle.  Defendant complied and was taken to the back of his vehicle.  The agent who instructed Defendant to get out of the vehicle transferred Defendant to another agent and begin examining the interior of the vehicle.  The new agent asked Defendant his name and, "What was that in your waistband?"  Defendant replied that "It was a toy" and denied having a gun.  The officer further asked, "It was a toy gun?"  The bodycam videos fail to clearly capture the exchange after the "toy gun" question, but, after Defendant responded, the agent clearly states Defendant is under arrest and begins to issue a *Miranda* warning.  Defendant interrupts the *Miranda* warning to further deny having a gun and to explain that it was his phone.  The agent then completed giving Defendant the *Miranda* warning.

The agents searched the vehicle and seized drug paraphernalia, a digital scale and plastic bags containing a green leafy substance from the vehicle.  Law enforcement agents also seized a loaded handgun with a purple grip from the floorboard behind the front passenger seat, in the

2

same area Defendant was reaching for during law enforcement's approach to the vehicle and with a color consistent with agents' prior observation of a handgun in Defendant's waistband.

## LAW AND ARGUMENT

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, the practice of ruling on motions in limine "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Motions in limine allow the court to rule on evidentiary issues prior to trial to avoid delay and to allow the parties to focus remaining preparation time on issues that will in fact be considered by the jury. *See United States v. Brawner,* 173 F.3d 966, 970 (6th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). In limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate. *United States v. Yannott,* 42 F.3d 999, 1007 (6th Cir. 1994).

The Defendant filed three motions in limine seeking to exclude: (1) any evidence regarding the suspected drugs and drug paraphernalia (ECF #34); (2) any evidence of Defendant's prior offenses beyond the parties' stipulation to a prior felony offense, that there was a warrant for his arrest at the time of his apprehension and that he was on parole at the time of his apprehension (ECF #35); and (3) statements made by a witness to police. (ECF #36.)

Pursuant to the representations of the parties, the latter two motions in limine have been resolved by stipulation or are no longer expected to be issues at trial.

Defendant seeks an order barring the government from introducing evidence that (1) police suspected he was engaged in drug activity prior to observing what they believed to be a firearm on his person and (2) police found marijuana, sandwich bags and a digital scale when they searched the car he was in. Defendant contends that introduction of this evidence raises the danger that the jury could convict Defendant of the charged crime – Felon in Possession of a

Firearm – not on the basis of evidence of that crime but based on the uncharged drug trafficking allegations.

The Government contends that this evidence is *res gestae,* i.e., intrinsic evidence inextricably intertwined with other facts that form the background of the charged conduct for the jury's understanding of the relevant events. (ECF #39, Trial Brief.) "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000). "[Such] evidence may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *United States v. Grooms,* 566 F. App'x 485, 491 (6th Cir. 2014) (internal quotation marks omitted). The Court finds evidence that law enforcement suspected Defendant was engaged in drug activity prior to observing what they believed to be a firearm on his person and law enforcement finding marijuana, sandwich bags and a digital scale when they searched the car he is *res gestae* as it arises from the same events as the charged offense and completes the story of the charged offense.

However, even when evidence is properly considered *res gestae,* it may nonetheless be inadmissible under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *United States v. Churn,* 800 F.3d 768, 779 (6th Cir. 2015). The Sixth Circuit considered and affirmed a trial court's admission of *res gestae* drug possession evidence in a felon in possession of a firearm case, finding that because there is a propensity for people involved with drugs to carry firearms the probative value of the uncharged possession evidence could not be said to be substantially outweighed by the potential for unfair prejudice.

4

*United States v. Till,* 434 F.3d 880, 884 (6th Cir. 2006).  The Court finds the same to be true here.

## CONCLUSION

Defendant's Motion in Limine to Exclude Evidence of Prior Offenses and Motion in Limine to Exclude Witness Statements to Police is **DENIED AS MOOT** based on the stipulations and representations of the parties.  Defendant's Motion in Limine Regarding Suspected Drug Activity is **DENIED,** but the Court shall give the jury a proper limiting instruction.

**IT IS SO ORDERED.**

                                     /s  Christopher A. Boyko
                                     **CHRISTOPHER A. BOYKO**
                                     **United States District Judge**

**Dated: August 19, 2024**