# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:23CR635** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GUY A. LONG,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #63) of Defendant Guy A. Long to Withdraw Guilty Plea.  The Government filed a timely response.  (ECF DKT #64). An oral hearing on the Motion was held on April 2, 2025.  Upon consideration of the arguments, the materials in the record and the applicable law, the Court denies Defendant's Motion.

## I. BACKGROUND

On June 3, 2023, while conducting surveillance at a Cleveland, Ohio gas station, law enforcement agents observed a suspected drug transaction between two men and Defendant in the driver's seat of a Kia Soul.  After the encounter, Defendant exited the vehicle, walked to the corner of the gas station and urinated on the side of the premises.  The purple grip of a handgun in Defendant's waistband was visible against his white shirt.  As he returned to the vehicle, Defendant pulled his shirt over the weapon.

Multiple law enforcement agents approached and instructed Defendant to place his hands in the air.  Instead, Defendant bent over in the driver's seat and reached toward the rear passenger

compartment.  Then, Defendant complied and placed his hands in the air.

After Defendant was handcuffed and removed from the car, agents located a firearm with a purple grip on the floorboard behind the front passenger seats.  The firearm was a SCCY, CPX-2.9 millimeter caliber pistol, manufactured outside the State of Ohio.  At the time, Defendant knew he was prohibited from possessing a firearm due to his previous convictions for crimes punishable by more than one year of imprisonment including:  Failure to Provide Notice of Change of Address, on or about October 20, 2022, in Case No. CR-22-669896 in Cuyahoga County Common Pleas Court; Rape, on or about June 21, 2011, in Case No. CR-11-547078 in Cuyahoga County Common Pleas Court; Unlawful Sexual Conduct with a Minor, on or about September 15, 2010, in Case No. CR-10-538219 in Cuyahoga County Common Pleas Court; and Burglary, on or about September 20, 2006, in Case No. CR-06-483057 in Cuyahoga County Common Pleas Court.

On December 6, 2023, a federal Grand Jury returned a one-count Indictment against Defendant for being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  On August 23, 2024, Defendant entered a plea of guilty to the Indictment. On October 9, 2024, Defendant's previous counsel was permitted to withdraw and his current counsel was appointed.  On November 12, 2024, Defendant filed a Motion (ECF DKT #57) to Continue the December 19, 2024 sentencing date so that newly-appointed counsel could have sufficient time to review the discovery and consult with his client.  The sentencing hearing was continued to February 19, 2025, and then to March 19, 2025, to accommodate the Court's schedule.  On March 12, 2025, Defendant again moved for a continuance (ECF DKT #61); and for the first time, mentioned that he was contemplating withdrawal of his guilty plea.  On March

13, 2025, sentencing was continued again to April 2, 2025.  However, Defendant filed the within Motion (ECF DKT #63) to Withdraw Guilty Plea on March 24, 2025.  The sentencing was converted to an oral hearing on the Motion on April 2, 2025.

## II. LAW AND ANALYSIS

### Standard of Review

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence, if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed.R.Crim.P. 11(d)(2)(B); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).  "This rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."  *Ellis*, 470 F.3d at 280-81.

"A defendant does not have an absolute right to withdraw a guilty plea."  *Id.* at 280. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise."  *Id.*  This is because a withdrawal "is inherently in derogation of the public interest in finality and the orderly administration of justice."  *Id.*

Defendant "bears the burden of proving that he is entitled to withdraw his guilty plea." *Id.*  "Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement."  *Id.* at 281.

District courts consider various factors to determine whether a defendant meets the burden of proving that the withdrawal of his guilty plea is for a fair and just reason:

(1)     the amount of time that elapsed between the plea and the motion to withdraw it;

(2)     the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3)     whether the defendant has asserted or maintained his innocence;

(4)     the circumstances underlying the entry of the guilty plea;

(5)     the defendant's nature and background;

(6)     the degree to which the defendant has had prior experience with the criminal justice system; and

(7)     potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 281; *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). "The factors listed are a general, non-exclusive list and no one factor is controlling." *Id.*; *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

## Amount of Time Between Defendant's Guilty Plea and the Motion to Withdraw Guilty Plea

Defendant pled guilty on August 23, 2024. More than 200 days passed from Defendant's plea of guilty to his Motion to Withdraw Guilty Plea; and over 160 days have passed since current counsel entered an appearance.

"The shorter the delay," in filing a motion to withdraw a plea, "the more likely [it] will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *Ellis*, 470 F.3d at 281. The Sixth Circuit has decided that even shorter delays of 60-plus days weigh against permitting withdrawal. *See, e.g., United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996).

Defendant's lengthy delay tips the scales against allowing withdrawal of his guilty plea.

## Valid Reason for Failure to Move for Withdrawal Earlier and Guilty Plea Proceeding

Defendant offers the justification that there was a breakdown in communications with prior counsel; that he did not fully understand the terms of the plea agreement; and that he was

not properly medicated for his mental issues when he entered his plea to the Indictment on
August 23, 2024.

Defendant's counsel explained in open court that since his appearance on the case on
October 9, 2024, Defendant has continuously expressed his desire to withdraw his plea.  Counsel
attributes some portion of the failure to move earlier to his own efforts to advise his client of the
risks and legal considerations involved.  Nevertheless, Defendant and his counsel concede that
nothing put the Court on notice until the Motion to Continue Sentencing was filed on March 12,
2025.

A review of the transcript of the August 23, 2024 Plea Hearing counters Defendant's
asserted excuses.  (ECF DKT #55).  The Court engaged Defendant in a thorough colloquy
covering every aspect of Defendant's Plea Agreement and what rights he was giving up by
pleading guilty.  At every significant juncture, the Court asked Defendant if he understood and he
answered affirmatively.  For example, at ECF DKT #55, 24:

> In your professional opinion, have you had sufficient time to sit down
> with Mr. Long and go over everything we have discussed, that is
> the nature of the charge, potential penalties, United States Sentencing
> Guidelines, 3553(a) factors, evidence, factual basis, possible defenses,
> waiver of rights and, finally, the consequences of him pleading guilty?
> MR. GROSTIC: Yes, we have, Your Honor.
> THE COURT: Okay. Mr. Long, I want to make sure that in your mind
> you've  had sufficient time to sit down with Mr. Grostic and go over
> everything we have discussed, and in addition to that have him answer all of your

-5-

questions to your satisfaction.  Has that been done?

THE DEFENDANT: Yes.

Defendant confirmed that he had no questions, needed no help nor clarification from the Court or from his counsel.  (ECF DKT #55, 25).  As is the Court's established practice at plea hearings, the Court inquired whether Defendant's mind was clear.  The question encompassed whether Defendant was under the influence of alcohol or drugs and whether any lack of medications affected Defendant's clear understanding of the proceedings.  (ECF DKT #55, 3). Defendant affirmed that his mind was clear.  *Id.*

The Court determined that Defendant had signed the Plea Agreement and had initialed every page.  (ECF DKT #55, 26).  The Court found that Defendant knowingly, voluntarily and intelligently entered his plea with a full understanding of the Plea Agreement and of his constitutional rights.  (ECF DKT #55, 27).

**Assertion of Innocence**

From the time of his Guilty Plead until today, Defendant has never maintained his innocence.

**Defendant's Experience with the Criminal Justice System**

As has been outlined earlier in this Opinion, Defendant has a lengthy and serious criminal record.  Defendant's experience with and understanding of the criminal justice system weighs against allowing withdrawal of his plea.

**Prejudice to the Government**

"[T]he government is not required to establish prejudice that would result from a plea withdrawal[] unless and until the defendant advances and establishes a fair and just reason for

allowing the withdrawal." *Ellis*, 470 F.3d at 286 (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)).  Here, Defendant has failed to prove a fair and just reason for withdrawal of his plea.  Even so, "the district court may consider potential prejudice in exercising its discretion in considering the motion."  *Spencer*, 836 F.2d at 240.

"Prejudice to the government can include wasted government resources, which in turn can include potential wasted judicial resources."  *United States v. Osborne*, 565 F. Supp. 2d 927, 939 (E.D. Tenn. 2008) (citing *United States v. Murray*, 66 F.App'x 600, 605 (6th Cir. 2003)).  Withdrawal of Defendant's guilty plea would accomplish no more than to waste the Government's time and resources devoted to obtaining Defendant's plea; and it would require the Government to spend more time and resources on a trial that has already been determined unnecessary.

### III. CONCLUSION

Defendant knowingly, voluntarily, and intelligently pleaded guilty after a proper, thorough plea colloquy with the Court.  Defendant's motion is contradicted by his own sworn testimony and the record as a whole and is unsupported by any evidence.  To allow Defendant to withdraw his plea "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess."  *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001).  Therefore, the Motion (ECF DKT #63) of Defendant Guy A. Long to Withdraw Guilty Plea is denied.

**IT IS SO ORDERED.**

**DATE: 4/8/2025**      **s/Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**